UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 16-30080 |
| Appellee, | ) | |
| | ) | D.C. No. 3:16-CR-00051-BR |
| v. | ) | District of Oregon, Portland |
| | ) | |
| | ) | RESPONSE TO EMERGENCY |
| AMMON BUNDY, RYAN PAYNE, | ) | MOTION |
| RYAN BUNDY, BRIAN CAVALIER, | ) | |
| and BLAINE COOPER, | ) | |
| | ) | |
| Defendants-Appellants. | ) | |

 Defendants are five of 26 individuals charged in a six-count indictment with various crimes arising out of their 24-day take-over and occupation of the Malheur National Wildlife Refuge in Harney County, Oregon. Defendants filed this emergency motion, appeal, and mandamus petition seeking to challenge a district court order directing that they be transported to the District of Nevada for no more than ten days to make an initial appearance on separate charges pending in that district. Contrary to Fed. R. App. 8, defendants filed this motion to stay simultaneously in this Court and in the district court. Defendants have not, and cannot show that relief in district court is "impracticable," because they have simultaneously asked the district court in this case for the same relief it seeks here: a stay of the temporary transfer order.

 The district court has set a hearing on this motion for April 6, 2016; the government has urged the district court not to rule because defendants' motion filed in

this Court has divested the district court of jurisdiction to consider the stay. This Court should either deny the motion to stay or expressly defer ruling until after the district court has had an opportunity to rule on this motion in the first instance. Defendants should not be permitted to litigate their stay request in two courts at the same time.

As an alternative to the stay, defendants ask this Court to grant their request for immediate relief on an expedited basis. For the reasons more fully addressed in the government's answering brief filed on this same date, the order defendants seek to attack is not an appealable final order. Nor does this case present the type of extraordinary circumstances warranting mandamus relief. Defendants' emergency motion/appeal/mandamus petition should be denied. An expedited ruling on the merits will moot the stay debate altogether.

A stay is particularly inappropriate in this case because defendants fail to satisfy any of the relevant factors governing a stay. The Supreme Court recognizes that a stay may be useful because it gives a court the opportunity to "act responsibly," by taking the needed time to "bring considered judgment to the matter before it." *Nken v. Holder*, 556 U.S. 418, 427 (2009). A stay should not, however, be granted "reflexively," because the court also must consider the "intrusion into ordinary processes of administration and judicial review." *Id.* The party seeking the stay bears the burden of proving it is appropriate. *Id.* at 433-34.

District judges enjoy "inherent power" to control their dockets in a manner that will "promote economy of time and effort for itself, counsel, and for the litigants." *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962); *see also United States v. Guerrero,* 693 F.3d 990, 995 (9th Cir. 2012) (rejecting interlocutory appeal under collateral order doctrine and mandamus, in part, out of concern that "piecemeal litigation" is inefficient and "encroaches upon the prerogatives of district court judges who play a special role in managing ongoing litigation"). Exercise of this power is properly left to the district court's discretion. *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1112-13 (9th Cir. 2005). Staying the transportation order in this criminal case would significantly interfere with the district court's case management and it would represent an unwarranted intrusion into an ongoing criminal case. Moreover, none of the factors governing a stay are present.

The Supreme Court has identified four relevant factors to examine when deciding whether a case should be stayed: (1) a "strong showing" by the applicant that he is likely to succeed on the merits; (2) irreparable injury absent a stay; (3) whether the stay would harm other parties; and (4) where the public interest lies. *Nken,* 556 U.S. at 434. The court may also consider "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof and questions of law that would result from a stay." *Lockyer*, 398 F.3d at 1110 (citation omitted).

First, for the reasons detailed more fully in the government's separately filed merits brief, defendants are not likely to succeed on the merits of their complaints because the order they challenge neither falls within the collateral order doctrine nor is it the type of extraordinary and unlawful directive that would merit mandamus relief. The district court simply directed the U.S. Marshals to transport five Oregon defendants to the District of Nevada to make their initial appearances; the court conditioned its order on assurances from the U.S. Marshal and a magistrate judge in Nevada that defendants would be returned to Oregon within ten days.

Second, defendants have identified a parade of horribles they anticipate will occur in the future if their criminal cases in Oregon and Nevada are permitted to proceed in tandem. These claims of prejudice are purely speculative; more fatally, however, they are premised on an unreasonable assumption that the district judges in Oregon and Nevada are incapable of fashioning case management procedures that will adequately protect defendants' interests.

The district judge in Oregon has already taken significant steps to protect defendants' Sixth Amendment rights in the Oregon case: she narrowly tailored the transportation order to a single ten-day event, she secured a Nevada magistrate judge's "assurance" that defendants will be returned to Oregon within ten days, and she confirmed with the Nevada prosecutors that the Oregon trial will proceed first. (ER 62, 30-31, 34, 37, 52). Whether defendants' Sixth Amendment rights in the Nevada

case will be impaired by the first appearance is not properly before this Court since this appeal arises solely in the Oregon case. The district judges in both Oregon and Nevada should be given the opportunity to address defendants' specific concerns as the needs arise.

Third, defendants' stay request is entirely inconsistent with their push for speedy trials in both jurisdictions. To the extent the Oregon codefendants who are not a part of this appeal wish to proceed expeditiously, a stay would be contrary to those speedy trial interests as well.

Finally, the public interests rest with the trial judge. The Oregon trial judge should be given the opportunity—without untimely intervention from this Court—to manage the case as she sees fit.

Dated this 4th day of April 2016.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*s/Kelly A. Zusman*
KELLY A. ZUSMAN
Appellate Chief
ETHAN D. KNIGHT
GEOFFREY A. BARROW
CRAIG J. GABRIEL
Assistant United States Attorneys
U.S. Attorney's Office, District of Oregon
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
Telephone: (503)727-1000