No. 16-30080

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

PLAINTIFF-APPELLEE,

V.

AMMON BUNDY, RYAN PAYNE, RYAN BUNDY,
BRIAN CAVALIER, AND BLAINE COOPER,

DEFENDANTS-APPELLANTS.

On Appeal from the United States District Court
for the District of Oregon
Honorable Anna J. Brown, United States District Judge
D.C. No. 3:16-CR-00051-BR

SUPPLEMENTAL BRIEF OF PLAINTIFF-APPELLEE

BILLY J. WILLIAMS
UNITED STATES ATTORNEY
DISTRICT OF OREGON
KELLY A. ZUSMAN
APPELLATE CHIEF
ETHAN D. KNIGHT
GEOFFREY A. BARROW
CRAIG J. GABRIEL
ASSISTANT UNITED STATES ATTORNEYS
1000 SW THIRD AVENUE, SUITE 600
PORTLAND, OREGON 97204-2902
TELEPHONE: (503) 727-1000

# TABLE OF CONTENTS

Table of Authorities ...................................................................................................ii

Introduction ...........................................................................................................1

Standard of Review ...............................................................................................1

Mootness is Jurisdictional....................................................................................1

The Challenged Writs Have Been Executed:  They Cannot be Undone ......................1

There is No Reasonable Likelihood the Challenged Writs Will Recur..........................3

Conclusion ..............................................................................................................7

Statement of Related Cases ..................................................................................8

Certificate of Compliance......................................................................................9

## TABLE OF AUTHORITES
### Federal Cases

*Demery v. Arpaio*, 378 F.3d 1020 (9th Cir. 2004)..........................................1, 4, 5

*Dilley v. Gunn*, 64 F.3d 1365 (9th Cir. 1995) ......................................................... 4

*Foster v. Carson*, 347 F.3d 742 (9th Cir. 2003) .............................................1, 3, 4

*Hunt v. National Broadcasting Co., Inc.*, 872 F.2d 289 (9th Cir. 1989) .................. 4

*Public Utilities Comm'n of State of Cal. v. Federal Energy Regulatory Comm'n*,
   100 F.3d 1451 (9th Cir. 1996).................................................................... 1

*United States v. Bergonzi*, 403 F.3d 1048 (9th Cir. 2005) ...................................... 5

*United States v. Howard*, 480 F.3d 1005 (9th Cir. 2007) ........................................ 6

### Docketed Cases

*United States v. Ammon Bundy, et al.*, 3:16-CR-00051-BR (D. Or.)..................... 2, 5

*United States v. Cliven Bundy, et al.*, 2:16-CR-00046-GMN-PAL (D. Nev.)................... 2, 5

## Introduction

This brief responds to the Court's Order dated May 12, 2016.

This appeal is moot. Anticipating that the defense will claim it is not, the government then bears the "heavy burden" of establishing mootness. *Demery v. Arpaio*, 378 F.3d 1020 (9th Cir. 2004).

## Standard of Review

This Court reviews de novo whether a case is moot. *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003).

## Mootness is Jurisdictional

If a case is moot, this Court lacks jurisdiction. *Foster*, 347 F.3d at 745. A case is moot "[w]here the activities sought to be enjoined have already occurred, and the appellate courts cannot undo what has already been done." *Id.* at 746 (citation omitted). A live controversy must exist at all stages, including appellate review, and not simply at the date the action is initiated. *Public Utilities Comm'n of State of Cal. v. Federal Energy Regulatory Comm'n*, 100 F.3d 1451, 1458 (9th Cir. 1996).

## The Challenged Writs Have Been Executed: They Cannot be Undone.

First, what did the defendants want this Court to do when they filed this appeal? In their opening brief, defendants argued that their "non-consensual" transfer to the District of Nevada for arraignment was unlawful and they wanted this Court to enjoin it. D. Br. at 2. Specifically, they challenged the Oregon District

1

Court's decision "allowing the writs [of habeas corpus *ad prosequendum*] to be executed." D. Br. at 28; *see also* D. Br. at 30 ("this interlocutory appeal focuses solely on the validity and execution of the Nevada writs"). Lastly, they asked this Court to "vacate" Nevada's writs of habeas corpus *ad prosequendum* and vaguely to "grant such further relief" as might be appropriate. D. Br. at 33.

Defendants' opening brief was coupled with its emergency motion to stay, which this Court denied on April 12, 2016 (ECF No. 20). The district court also denied the motion to stay (Oregon Criminal Case No. 3:16-CR-00051-BR, ECF No. 381). The defendants have now been transported to Nevada, they have been arraigned on the Nevada indictment (Nevada Criminal Case No. 2:16-CR-00046-GMN-PAL, ECF Nos. 247, 248, 249, 250, 251 (April 15, 2016), and they have been returned to Oregon (3:16-CR-00051-BR, ECF No. 334 & n.4, Order March 22, 2016). The writs of habeas corpus *ad prosequendum* that defendants sought to vacate have now been fully executed; there is nothing left to vacate or enjoin.

Whether the writs were lawful, and whether defendants suffered prejudice as a result of that transportation and commencement of the Nevada proceedings is something that remains to be seen; these issues should be addressed by this Court if and when defendants are actually convicted of the charges in Oregon or Nevada. Until then, those claims are unripe for appeal.

2

**There is No Reasonable Likelihood the Challenged Writs Will Recur**

There is an exception to the mootness doctrine, but it does not apply to the facts in this case: some claims are capable of repetition and, if not heard, may evade review. *Foster*, 347 F.3d at 748. There are two parts to this exception: first, the issue must be one that happens too quickly to be fully litigated; second, there must be a reasonable expectation that the challenged action will happen again. *Foster,* 347 F.3d at 748. In *Foster*, this Court held that four months was "too short." *Id.* at 747. Despite the fact that defendants were able to challenge the transfer order, move for reconsideration, and move for a stay simultaneously in the district court and this Court suggests that, despite its short duration (a couple of weeks), the issue is not "too short." But *Foster* suggests otherwise, and the critical failure of this exception occurs in the test's second half.

Is there a reasonable expectation that the challenged action will happen again? The answer in this case is no. Oregon's federal judge narrowly tailored the transportation order to permit one trip—and one trip only—for the singular purpose of arraignment. As of now, there are no in-court hearings scheduled in Nevada between now and the anticipated September 2016 Oregon trial date. Moreover, nothing in the court's transportation order suggests or even hints at the kind of ping ponging between jurisdictions that defendants portended in their opening brief.

3

This Court has held that the "mere possibility that something *might* happen is too remote to keep alive a case as an active controversy." *Foster*, 347 F.3d at 748. In *Foster*, a state's financial difficulties, although continuing, were not enough to save a case challenging the temporary cessation of legal defense services from mootness. *See also Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995) (holding inmate's challenge to adequacy of a prison law library was mooted by his transfer to a different prison). And in this case we do not even have that; this was a singular transfer order and there is nothing in this record to support a conclusion that there is any reasonable likelihood that these defendants will be transported back to Nevada prior to the completion of their September 2016 trial in Oregon.

The cases in which this Court has recognized a mootness exception for controversies evading review yet likely to repeat are distinguishable. They often involve instances in which the party sought to be enjoined admits that he plans to resume the challenged conduct. *See, e.g.*, *Hunt v. National Broadcasting Co., Inc.*, 872 F.2d 289 (9th Cir. 1989) (noting case not moot despite fact that NBC aired challenged broadcast when NBC acknowledged it might re-air the program). For example, an appeal from a preliminary injunction against a Sheriff who live-streamed video of pre-trial detainees via a Crime.com webcam then ceased when the site proved so popular he had to find a new web host, was not moot. *Demery*, 378 F.3d at 1025. Both parties agreed that the case was not moot, and the Sheriff made "unequivocal

4

representations" that he intended to re-fire up the webcam as soon as the injunction lifted. *Id.* at 1025-26. By contrast, Judge Brown is not poised to order additional transports to Nevada and she has given the parties no indication that she intends to do so again.

Judge Brown will, however, address the question of whether the Oregon indictment should be dismissed because the transport triggered the Nevada speedy trial clock and the cases are now proceeding as staggered prosecutions. ECF No. 480 (3:16-CR-00051-BR, Defendants' Motion to Dismiss, April 27, 2016).[1] Defendants filed a similar motion to dismiss with prejudice in the District of Nevada. Nevada Criminal Case No. 2:16-CR-00046-GMN-PAL, ECF No. 291 (April 20, 2016). That is where those issues should be litigated—not here. To the extent defendants seek to morph their claims or alter their requested relief (under their opening brief's "other" unspecified relief section), this Court should not countenance it. Indeed, it cannot do so if the appeal is moot. *See, e.g., United States v. Bergonzi*, 403 F.3d 1048, 1050 (9th Cir. 2005) (refusing intervenor's request for a protective order; the case became moot when intervenor withdrew its privilege objections to discovery and the protective order).

---

[1] On May 23, 2016, Judge Brown deferred argument on defendants' motion to dismiss (ECF No. 480) until this Court determines if this appeal is moot or otherwise disposes of the case on the merits.

Finally, this is not one of those instances in which this issue is likely to be re-raised with other defendants who will be subject to the same challenged policy. *See, e.g.*, *United States v. Howard*, 480 F.3d 1005, 1009 (9th Cir. 2007) (holding action challenging blanket in-court shackling policy not moot despite fact that named defendants would not be appearing in magistrate court again). This case (in Oregon) and the Nevada case are unusual for several reasons: both involve a large number of defendants, both involve a subset of common defendants, and the Nevada case involves over 1.4 terabytes of discovery that Nevada prosecutors wanted the defense to have the opportunity to begin reviewing while the Oregon case proceeds on its own fast track. Unlike shackling before federal magistrate judges, which in one California district was certain to recur absent appellate intervention, the chances that this same set of circumstances will recur for some other defendants involve too many speculative contingencies to fit within the capable of repetition yet evading review doctrine.

/////

/////

6

## Conclusion

This appeal is moot and should be dismissed.

Dated this 24th day of May 2016.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*s/Kelly A. Zusman*
KELLY A. ZUSMAN
ETHAN D. KNIGHT
GEOFFREY A. BARROW
CRAIG J. GABRIEL
Assistant United States Attorneys

**Statement of Related Cases**

Pursuant to 9th Cir. R. 28-2.6, the United States represents that it knows of no cases related to this appeal.

**Certificate of Compliance**
**FRAP 32(a)(5)(A), 32(a)(6) & Circuit Rule 32-3(3)**

Pursuant to the Federal Rules of Appellate Procedure 32(a)(5)(A), 32(a)(6), and Circuit Rule 32-3(3), and in accordance with this Court's order filed May 12, 2016, I certify that the government's supplemental brief is:

Proportionately spaced with a typeface of 14 points in Garamond font, and contains 1425 words according to Word 2010, thus, it does not exceed 5600 words.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*s/Kelly A. Zusman*
KELLY A. ZUSMAN

9